**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 21-cv-00291-RM-MEH

JEREMIAH AXTELL,

    Plaintiff,

v.

CITY OF LAKEWOOD, a municipality,
ADAM PAUL, in his individual and official capacity,
KATHY HODGSON, in her individual and official capacity,
CITY OF LAKEWOOD POLICE DEPARTMENT, an agency of a municipality,
AGENT F. SAUL PALOMO, in his individual and official capacity,
AGENT MICHELLE DELEON, in her individual and official capacity,
SERGEANT CREIGHTON BATES, in his individual and official capacity,
AGENT TOBY MAEZ III, in his individual and official capacity,
AGENT TODD CLIFFORD, in his individual and official capacity,
AGENT FRANCISCO ROACHO, in his individual and official capacity,
AGENT PAUL OSCKEL, in his individual and official capacity,
AGENT VICTORIA HARREL, in his individual and official capacity,
AGENT HAROLD HORTON, in his individual and official capacity,
AGENT NICHOLAS GRAHAM, in his individual and official capacity,
AGENT KENNADEE BLEAK, in his individual and official capacity,
AGENT DAVID PLACE, in his individual and official capacity,
AGENT GENE GRAY, in his individual and official capacity,
AGENT CARSON LOCKERD, in his individual and official capacity,
SERGEANT ERIC EBELING, in his individual and official capacity,
DETECTIVE DANIEL SIMPSON, in his individual and official capacity,
INVESTIGATOR MONIQUE GILSTRAP, in her individual and official capacity,
AGENT A. HOAK, in his individual and official capacity,
AGENT M. LEE, in his individual and official capacity,
AGENT N. JORNOD, in his individual and official capacity,
CHIEF DANIEL MCCASKY, in his individual and official capacity,
WEST METRO FIRE PROTECTION DISTRICT, an agency and special district,
PARAMEDIC AUSTYN ONSTOTT, in his individual and official capacity,
EMT JOHN HERRERA, in his individual and official capacity,
LIEUTENANT PATRICK DAILEY, in his individual and official capacity,
EMT TIM VAN PATTEN, in his individual and official capacity,
EMT JACOB GLIME, in his individual and official capacity,
CHIEF DON LOMBARDI, in his individual and official capacity,
DEPUTY CHIEF SCOTT ROGERS, in his individual and official capacity,
DR. PETER VELLMAN, in his individual and official capacity,

DR. DAVID RICHTER, in his individual and official capacity,
GRETCHEN SCHAD, in her individual and official capacity,
ROCKY MOUNTAIN ASSISTED LIVING, LLC, a limited liability corporation,
ERIC LEWIS, an individual,
WILLIAM LYONS JR., an individual,
MEGHANN ZEIGLER, an individual,
STEPHANIE SALINAS, an individual,
CAITLIN HOY, an individual,
NAOMI MATHES, an individual,
JESSICA HARMON, an individual,
PETER WING, an individual,
JOHN DOES 1-10 POLICE, and
JOHN DOES 1-10 GENERAL,

  Defendants

---

# ORDER

---

  This matter is before the Court on Plaintiff's "Motion To Alter Or Amend A Judgment Pursuant To Fed. R. Civ. P. 59(e) Of March 4, 2021 'Order Denying Motion To Correct Clerical Error Re: Docketing'" (the "Motion") (ECF No. 23), filed through his limited representation counsel. No judgment, however, has been entered and the "the Federal Rules of Civil Procedure do not recognize a 'motion for reconsideration.'" *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1023 (10th Cir. 2018) (citations omitted). Nonetheless, "a district court always has the inherent power to reconsider its interlocutory rulings before final judgment is entered." *Id.* at 1023-24 (quotation marks and citation omitted). But Plaintiff's Motion is, in actuality, an objection to the Magistrate Judge's Minute Order and, therefore, untimely. *See* Fed. R. Civ. P. 72 (allowing 14 days for any objections). For this reason alone, the Motion may be denied. Even if considered on the merits, the Motion nonetheless fails to show relief should be granted.

By Minute Order dated March 9, 2021, the Magistrate Judge denied Plaintiff's Motion to Correct Clerical Error Regarding Date of Filing/Docketing of Complaint (ECF Nos. 7, 10), finding that the "documents submitted by Plaintiff that are necessary to commence an action were received after 5:00 p.m. on January 28, 2021." Plaintiff had argued that he had filed his papers before 5:00 p.m. and, therefore, his complaint should have been docketed as filed on January 28, 2021 rather than January 29, 2021. Plaintiff's current Motion seeks "reconsideration" of that Minute Order, arguing the Magistrate Judge erred.

Plaintiff relies on *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) which provides that "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law….It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* Plaintiff relies on the Magistrate Judge's alleged misapprehension of the facts and "new evidence." The Court is not persuaded.

Starting with the "facts," the facts show that, contrary to what counsel is representing, Plaintiff filed his documents *after* 5:00 p.m. While Plaintiff did send three emails to the pro se email box prior to 5:00 p.m., none of them contained any attachments, i.e., documents. (*See* attachment 1 to this Order.) Plaintiff's emails to the pro se email box which had attachments, e.g., his complaint, were all filed *after* 5:00 p.m., as the Magistrate Judge correctly found. (*See* attachment 2 to this Order.) There was no timing error or misunderstanding – the court's records accurately reflect the time the emails were received. And, while Plaintiff's current counsel did email documents to the pro se email box prior to 5:00 p.m. (attachment 3 to this Order), she was

3

not counsel at that time. Counsel did not request leave to provide limited representation until the Court ordered her to do so. (ECF Nos. 16, 20.) And, counsel was not granted leave to provide limited representation until March 25, 2021, almost three months after the filing of the complaint. Counsel's filing through the pro se email box on behalf of Plaintiff was therefore ineffective. Therefore, Plaintiff's argument that the Magistrate Judge misapprehended the facts is rejected.

Plaintiff's "new evidence" is similarly unavailing. Plaintiff represents he just realized that his computer's time stamp was an hour ahead of Colorado time. That argument is a straw man. It matters not what time zone Plaintiff was in (or his computer allegedly reflected) when he filed his documents. What matters is the time when the court received Plaintiff's filings to commence his action. The court's records, attached, undisputedly show that Plaintiff's pro se complaint was not received until after 5:00 p.m. There is no clear error which requires correction. Accordingly, it is

**ORDERED** that the "Motion To Alter Or Amend A Judgment Pursuant To Fed. R. Civ. P. 59(e) Of March 4, 2021 'Order Denying Motion To Correct Clerical Error Re: Docketing'" (ECF No. 23) is **DENIED**.

DATED this 17th day of May, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge