IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00291-RM-MEH

JEREMIAH AXTELL,

    Plaintiff,

v.

CITY OF LAKEWOOD, *et al.*,

    Defendants.

---

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Michael E. Hegarty, United States Magistrate Judge**

Before the Court are two motions filed by Plaintiff and recently referred by District Judge Moore. ECF 211. The Court finds that further briefing would not materially assist in the motions' adjudication. D.C.Colo.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). The Court will address each motion separately.

**I.    Motion to Stay**

Plaintiff filed a "Motion for Stay of Proceedings Pending Investigation of Witness Tampering and Motion for Order of Investigation by U.S. Attorney." ECF 199. As the title of the motion suggests, Plaintiff seeks relief in two forms: (1) an order for the U.S. Attorney to begin an investigation; and (2) a stay of these proceedings. As to the former, so long as Plaintiff has the legal and factual basis to do so, nothing prevents him from contacting other government agencies to initiate investigations. But this Court will not do so. This is especially true since "Plaintiff fails to identify under what rule or other legal authority he seeks an order of the Court referring this matter for investigation." *Gess v. USMS and 10th Circuit Dist. Ct.*, No. 20-cv-01790-PAB-STV,

2020 WL 7319083, at *3 (D. Colo. Dec. 10, 2020) (citing D.C.Colo.LCivR 7.1(d)). As to the latter, the following reasons warrant denial of a stay of all proceedings

To begin, Plaintiff has not demonstrated adequate meaningful conferral prior to filing his motion. Local Rule 7.1 requires a moving party "to confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter." D.C.Colo.LCivR 7.1(a). Although there are exceptions, Plaintiff's motion does not fall under any exception. D.C.Colo.LCivR 7.1(b). Plaintiff stated that he "conferred with all relevant defense counsel by email, [sic] but was not able to get a final response, [sic] but assumes they are opposed to this motion." ECF 199 at 2, ¶ 1. This statement does not provide any detail for the Court to determine whether reasonable, good faith efforts were made. The Court reminds the parties of their continuing obligations to comply fully with D.C.Colo.LCivR 7.1(a). *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (because Rule 7.1(a) requires meaningful negotiations by the parties, the rule is not satisfied by one party sending the other party a single email, letter, or voicemail).

Although violation of Rule 7.1(a) is an independent basis to deny a motion, *Geiger v. Z-Ultimate Self Defense Studios, LLC*, No. 14-cv-00240-REB-NYW, 2015 WL 3396154, at *4 (D. Colo. May 26, 2015), the motion is also denied on substantive grounds. Plaintiff moves "for a stay of these proceedings until there is an investigation of witness intimidation and tampering," but the Court will not issue an order for an investigation. Moreover, discovery in this case has been stayed pending a final ruling on the Defendants' motions to dismiss. ECF 170. The Court issued a recommendation on those motions (ECF 186), and the parties have finished briefing the objections to that recommendation. Thus, the only ongoing matter in the case is District Judge Moore's

2

pending ruling on the recommendation. The Court finds Plaintiff has articulated no reasonable basis by which to stay that decision.

## II.    <u>Motion to Amend</u>

Rule 15 states that after the deadline for amending a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The grant or denial of an opportunity to amend is within the discretion of the Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Plaintiff filed a "Motion for Leave to Amend the Second Amended Complaint Pursuant to F.R.C.P. 15(a)(2)." ECF 200. Plaintiff seeks leave to file a Third Amended Complaint for three reasons: (1) ineffective assistance of counsel; (2) prior amendments did not "give [him] the chance to properly state [his] claims;" and (3) defects in the current operative pleading can be corrected. *Id*. at 2–3. There are a multitude of reasons warranting denial of Plaintiff's motion.

First, like the motion to stay, Plaintiff failed to describe efforts to meaningfully confer on this motion. The motion contains the same conferral statement as the motion to stay. For reasons already explained by the Court, that statement does not comply with Local Rule 7.1(a).

Second, Plaintiff did not comply with D.C.Colo.LCivR 15.1, which states, in relevant part,

> [a] party who files an opposed motion for leave to amend or supplement a pleading shall attach as an exhibit a copy of the proposed amended or supplemental pleading which strikes through (e.g., ~~strikes through~~) the text to be deleted and underlines (e.g., <u>underlines</u>) the text to be added.

D.C.Colo.LCivR 15.1(b). Plaintiff did not attach a copy of his proposed Third Amended Complaint to his motion. That alone is sufficient for denial of the motion.

Third, Plaintiff complains about ineffective assistance of counsel from Kenneth U. Udoibok. However, "a litigant in a civil case is not entitled to relief from an adverse judgment based on [his] attorney's allegedly incompetent representation." *Rivas v. U.S. Bank, N.A.*, 486 F. App'x 752, 753 (10th Cir. 2012). Further, Plaintiff's first two pleadings were drafted, at least in part, by Anita Springsteen, his original, limited representation counsel (who was eventually removed as counsel for a host of reasons, *see* ECF 168). ECF 2 at 25; ECF 9 at 120. Ms. Springsteen completely drafted and signed the operative Second Amended Complaint ("SAC"). Plaintiff's disagreements with how Mr. Udoibok may have handled this case do not affect the allegations made in the SAC and thus the basis for this Court's recommendation.

Fourth, Plaintiff had multiple attempts to cure any pleading defects. We are now on Plaintiff's third pleading. "By the time of a second amended complaint, it is often the case that pleading deficiencies . . . may be deemed irreparable, and the complaint will be dismissed with prejudice." *Dyer v. Lajeunesse*, No. 15-cv-02404-WJM-CBS, 2017 WL 262692, at *4 n.4 (D. Colo. Jan. 20, 2017). This is especially true here, since District Judge Moore's Practice Standards require conferral on a motion to dismiss. *See* ECF 144 (denying a motion to dismiss for failure to comply with the conferral requirement). Hence, in addition to amending his Complaint twice, Plaintiff was also afforded the opportunity to evaluate Defendants' arguments for dismissal and contemplate whether amendment was necessary. Plaintiff chose not to amend. Now, at the eleventh hour, after this Court issued an extensive recommendation on Defendants' motions to dismiss,

4

Plaintiff seeks leave to amend his SAC. Because "plaintiff has already been given ample opportunity to cure the deficiencies in his pleading and has yet to do so," Plaintiff should not be permitted to amend his pleading a third time. *Vue v. Harmon*, No. 08-cv-00148-PAB-MJW, 2009 WL 4908439, at *2 (D. Colo. June 11, 2009), *recommendation adopted*, 2009 WL 4908391 (D. Colo. Dec. 18, 2009).

Finally, amendment would likely be futile. The Court recommended dismissal of many of Plaintiff's claims for lack of clearly established law. Plaintiff does not adequately explain why amendment would demonstrate the existence of clearly established law. On those claims for which the Court did not recommend dismissal on that basis, Plaintiff has not described why events after the filing of his SAC (namely, the alleged witness tampering) would remedy the defects on Plaintiff's current claims. In other words, Plaintiff fails to demonstrate how his amended pleading would survive a motion to dismiss. *Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l Ass'n*, 44 F. Supp. 3d 1062, 1068 (D. Colo. 2014) ("A proposed amendment to a complaint is futile if it would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment or a motion to dismiss.").

## III.    Conclusion

For the reasons stated herein, Plaintiff's "Motion for Stay of Proceedings Pending Investigation of Witness Tampering and Motion for Order of Investigation by U.S. Attorney" [filed March 2, 2022, ECF 199] is **denied**. Additionally, the Court respectfully recommends Plaintiff's "Motion for Leave to Amend the Second Amended Complaint Pursuant to F.R.C.P. 15(a)(2)" [filed March 2, 2022; ECF 200] be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings

Entered at Denver, Colorado, this 24th day of March, 2022.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

---

or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

6